IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SCOTTSDALE INSURANCE COMPANY :

v. : Civil Action No. DKC 26-1311

THE HANGAR CLUB d/b/a Bucks Up, Inc., et al. :

**MEMORANDUM OPINION**

Plaintiff Scottsdale Insurance Company ("Plaintiff") filed a motion for leave to effect alternative service on Defendant Stacy Davis ("Mr. Davis") and for an extension of time within which to serve Mr. Davis. (ECF No. 25). No hearing is necessary. Local Rule 105.6. For the following reasons, the motion for an extension of time to serve will be granted and the motion for alternative service will be denied.

**I. Background**

Plaintiff issued a commercial insurance policy to The Hangar Club DBA Bucks Up, Inc. for the period from May 1, 2022, through May 1, 2023.

On December 17, 2025, Cynthia Wilson-Roeser and Mr. Davis jointly filed a lawsuit (the "Wilson-Roeser/Davis lawsuit") in the Circuit Court for Prince George's County, Maryland alleging that their family member, Christopher Earl Wilson, was shot and killed at the Hangar Club on December 21, 2022. A second lawsuit was filed by Shane Bell (the "Bell lawsuit") in the Circuit Court for

Prince George’s County, Maryland on December 22, 2025, alleging that he was injured by gunfire on December 21, 2022, while patronizing the Hangar Club. Both the Wilson-Roeser/Davis and Bell lawsuits name, among others, Bucks Up, Inc. t/a Hangar Club and Poonam LLC t/a Hangar Club as Defendants and allege that they operated a nightclub known as “the Hangar Club.”

Plaintiff filed this action on April 2, 2026, seeking a declaratory judgment that 1) Poonam LLC t/a Hangar Club is not an insured under the policy and 2) that the Assault and/or Battery limited liability coverage applies to the Wilson-Roeser/Davis and Bell lawsuits thereby limiting liability collectively available to all insured to $25,000.

Mr. Davis is named as a Defendant in this action as he is an interested party such that his state court action may be affected by any decision made in this case. Plaintiff has been unsuccessful in its attempts to effect service of process on Mr. Davis. Plaintiff tried to effect service on Mr. Davis at his residence on Knickerbocker Drive in Alexandria six (6) times – on April 20, April 23, and April 28, 2026. Plaintiff filed an Amended Complaint on July 21, 2026. (ECF No. 18). Further unsuccessful attempts to serve the Amended Complaint on Mr. Davis occurred on July 29, August 18, and August 20, 2026. To aid in serving Mr. Davis, Plaintiff secured a skip trace and learned that the residential address where service attempts failed is, in fact, Mr. Davis’

current address. An employment address was found but not able to be verified. In addition, counsel for Plaintiff asked the attorney representing Mr. Davis in the Wilson-Roeser/Davis lawsuit if he would accept service for Mr. Davis on August 25, 2026, but received no response.

Contending that its "diligent" attempts to effect service constitute good cause, Plaintiff requests (1) a 60-day extension of time to effect service on Mr. Davis, (2) permission to serve Mr. Davis by publication in a local newspaper once a week for three (3) weeks, (3) permission to serve Mr. Davis by first-class mail, and (4) permission to serve Mr. Davis by posting service papers on his door.

## II. Analysis

### A. Plaintiff's Motion to Extend Time to Effect Service

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). As properly interpreted, a court must extend the time if good cause is shown and has discretion to extend the time" even if there is no good cause shown". *Gelin v. Shuman,* 35 F.4th 212, 219 (4th Cir. 2022).

"Good cause" generally requires the Plaintiff to demonstrate that "reasonable diligence in trying to effect service" was exercised. *Jones v. Sears, Roebuck & Co.*, No. 15-cv-3092-DKC, 2016 WL 1696557, at *2 (D.Md. Apr. 28, 2016). Circumstances amounting to good cause may be "where a defendant is evading service; where the plaintiff experienced difficulty in obtaining a defendant's proper address; where court staff misdirected a *pro se* plaintiff as to the appropriate procedure for service; or where plaintiff was unaware of the defendant in service until after the deadline expired." *Id.* (citing *Hoffman v. Balt. Police Dep't*, 379 F.Supp.2d 778, 786 (D.Md. 2005)).

Plaintiff contends that good cause has been established because good faith efforts to serve Mr. Davis have not been successful. The court agrees that Plaintiff has shown that reasonable and diligent efforts were made to effect service. Accordingly, good cause exists to extend the time to serve Mr. Davis.

**B. Plaintiff's Motion for Alternate Service**

Rule 4(e)(1) provides, in pertinent part, that an individual defendant may be served pursuant to "state law . . . in the state where the district court is located or where service is made." Under Maryland law, service can be effected

> (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person

> to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery--show to whom, date, address of delivery."

Md. Rules 2-121(a). The court may order alternate service when the plaintiff shows it has made "that good faith efforts to serve the defendant pursuant to" Maryland Rule 2-121(a). Md. Rules 2-121(c).

Plaintiff has attempted to serve Mr. Davis at his home on six occasions pursuant to sections 1 and 2 of Maryland Rule 2-121(a). However, Plaintiff has not yet attempted service under the third available method: "mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery--show to whom, date, address of delivery." Md. Rule 2-121(a)(3). It would be premature to order alternative service before Plaintiff has made a good faith effort to serve defendant under this method. *See Taite v. Baltimore City Bd. Of Sch. Comm'rs*, No. 26-CV-02910-JMC, 2026 WL 3148200, at *2 (D.Md. Oct. 21, 2026).

In the alternative, Plaintiffs seek leave to serve Defendant under Virginia law, which provides the following method of service

in the event that service cannot be made to a person or a family member at their address:

> by posting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode, provided that not less than 10 days before judgment by default may be entered, the party causing service or his attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing.

Va. Code Section 801.296(2)(b).

Plaintiff is permitted to serve Mr. Davis pursuant to Virginia state law. Fed.R.Civ.P. 4(e)(1). Service under Virginia Code Section 801.296(2)(b) does not require a court order. Therefore, Plaintiff does not require leave of court to pursue this method of service.

**III. Conclusion**

Plaintiff has attempted diligently to serve Mr. Davis and will be provided an additional 60 days within which to effectuate service pursuant to Maryland Rule 2-121(a)(3) or Virginia Code Section 801.296(2)(b). A separate order follows.

/s/

DEBORAH K. CHASANOW
United States District Judge